**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00044 |
| | CIVIL ACTION NO. 20-00781 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TERRANCE DEON JORDAN | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Terrance Deon Jordan ("Jordan"). See Record Document 35. The United States of America ("the Government") opposes the motion. See Record Document 39. Jordan also filed a reply to the Government's response. See Record Document 46. For the reasons set forth below, Jordan's motion is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On April 24, 2018, Jordan pleaded guilty to an Indictment (Record Document 1) for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). See Record Documents 17, 20. On August 29, 2018, this Court sentenced Jordan to ninety-six months imprisonment, followed by a supervised release period of three years. See Record Documents 23, 24. This sentence was an upward departure from the guideline range, which was fifty-one to sixty-three months. See Record Document 27. On April 30, 2019, the United States Court of Appeals for the Fifth Circuit affirmed Jordan's conviction and sentence. See Record Document 34. Jordan did not file a petition for writ of certiorari with the United States Supreme Court. See Record Document 35 at 2.

On June 22, 2020, Jordan filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. See id. In his motion, Jordan asserts that under the United States

Supreme Court decision, Rehaif v. United States, 139 S.Ct. 2191 (2019), the "Rehaif Doctrine" announced a substantive rule change that applies retroactively on collateral review and therefore applies to him. Id. at 13. He states that had he known of the "essential elements" the Government had to prove beyond a reasonable doubt he would not have agreed to plead guilty, specifically that he "knowingly" committed the acts under Section 922(g)(1). Id. at 14. He also argues that he is actually innocent of the crimes under 922(g) for which he was convicted in light of the evidence under Rehaif because it is more likely than not that a reasonable juror would not have convicted him. See id. at 14-15.

In its opposition to Jordan's Section 2255 motion, the Government asserts that although the Rehaif decision may be retroactively applicable in initial Section 2255 motions, the defendant has failed to overcome procedural bars for the Court to consider his claim. See Record Document 39 at 1-2. The Government also asserts, however, that he would not be entitled to relief under Rehaif, as the record establishes that he knew he was a convicted felon. See id. at 2. Thus, the Government argues that Jordan's motion must be denied.

In reply, Jordan asserts again that Rehaif now voids his guilty plea because this Court accepted it without advising him of the element requiring "knowledge" of his prohibited status under Section 922(g). Record Document 35 at 2. Jordan requests that the court vacate or set aside his "invalid and unconstitutional plea agreement" or grant an evidentiary hearing on the Rehaif issue. See id. at 5.

## LAW AND ANALYSIS

### I. Legal Standards

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." United States v. Edwards, 442

F.3d 258, 264 (5th Cir. 2006) (quoting United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. See Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. Brecht v. Abrahamson, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. Id. at 637-38 (citation omitted); see also United States v. Chavez, 193 F.3d 375, 379 (5th Cir. 1999) (applying Brecht in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## II.    Analysis

Jordan relies on Rehaif and argues that when he entered his plea negotiations, no one in the courtroom understood the "critical and required essential elements of Section 922(g)(1)," and Rehaif applies retroactively to him. Record Document 35 at 13. He states that had he known of the "essential elements" the Government had to prove beyond a reasonable doubt to a jury he would not have knowingly agreed to plead guilty. Id. at 14. He further asserts that he is "actually innocent of the § 922(g)(1) offense, conviction and sentence," in light of all the evidence under the Rehaif *mens rea* element. Id. at 16.

The Government states that although Jordan's motion was timely filed, he is procedurally barred from raising Rehaif, as he has failed to satisfy the requisite cause and prejudice test. See Record Document 39 at 9. The Court agrees. Jordan has

4

procedurally defaulted his claim regarding whether he had knowledge that he was a convicted felon at the time he possessed firearms.

The decision in Rehaif is retroactive to Jordan's case, as the Fifth Circuit Court of Appeals explicitly held. United States v. Kelley, 40 F.4th 250, 251-52 (5th Cir. 2022). In Rehaif, the Supreme Court held that, in a prosecution under Sections 922(g) and 924(a)(2), the Government must prove the defendant knowingly violated each of the material elements of Section 922(g), which are that: (1) he knowingly possessed a firearm; and (2) he knew he belonged to the relevant category of persons prohibited from doing so. See Rehaif, 139 S. Ct. at 2200; see also United States v. Scott, 11 F.4th 364, 366 n.1 (5th Cir. 2021).

A defendant may not raise issues in his Section 2255 motion, other than ineffective assistance of counsel, that he could have raised on direct appeal. United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under Section 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. See United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996); see also United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991). A movant bears the burden of demonstrating either cause and actual prejudice, or that he is actually innocent. See Bousley v. United States, 523 U.S. 614, 622 (1998) (citing Murray v. Carrier, 477 U.S. 478, 485 (1986)).

Jordan did not raise his Rehaif claim on direct appeal. See Record Document 35 at 9. Jordan filed his notice of appeal to the Fifth Circuit on September 6, 2018. See Record Document 26. But the Supreme Court did not issue its decision in Rehaif until

5

June 21, 2019, a few months after the Fifth Circuit affirmed this Court's judgment on April 30, 2019. See Record Document 34. A movant can demonstrate cause when a constitutional claim is "so novel that its legal basis is not reasonably available to counsel" when the defendant appeals his conviction. Bousley, 523 U.S. at 622 (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). However, before the Supreme Court's decision in Rehaif, many lower courts had held that the Government did not have to prove *mens rea* to convict a defendant under Section 922(g). See id. at 623 ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'"). Additionally, the issue was litigated in federal courts for many years prior to Jordan's direct appeal. See United States v. Butler, 637 F.3d 519, 524 (5th Cir. 2011) (collecting cases across the federal circuits examining whether the Government needs to prove the defendant's knowledge of his prohibited status to establish a violation of Section 922(g)); United States v. Bryant, No. 11-765, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) ("The issue decided in Rehaif was percolating in the courts for years.") (collecting cases); Palacios v. Warden, F.C.C. Yazoo City, No. 19-580, 2020 WL 7410153 at *2 (S.D. Miss. Oct. 22, 2020) ("Given that Rehaif 'was based upon clear precedent and the plain language of the statute,' Palacios cannot argue that the basis of this claim was unavailable to him."); United States v. Hilliard, No. 17-44, 2021 WL 2369400, at *7 n.13 (E.D. Va. June 9, 2021) ("Several courts have found that a Rehaif-type challenge to § 922(g) conviction was available long before Rehaif was decided; thus, this claim is likely not so novel as to establish cause for Hillard's procedural default."). Thus, Jordan has failed to demonstrate that the legal basis for his Rehaif claims was not reasonably

6

available to him when his case was on direct appeal and as a result, he has failed to demonstrate cause. See Bousley, 523 U.S. at 622.

Jordan argues that he is actually innocent but has provided no evidence to indicate why. See Record Document 35 at 16. In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623-24 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)); see also Damon v. United States, 732 F.3d 1, 2-3 (1st Cir. 2013) (the movant contested "only the categorization of his prior conduct as a crime of violence," so he did not plead "'actual innocence' as defined in Bousley"). The actual innocence gateway is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). This means that the new, reliable evidence persuades the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928 (quoting Schlup, 513 U.S. at 329); see also Johnson v. Hargett, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means factual, as opposed to legal, innocence—'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence ... means that the person did not commit the crime.").

At Jordan's guilty plea, the ATF agent, who testified as to the factual basis, summarized his convictions, and stated, "He has six convictions for drug possession. He has a conviction for aggravated assault on a law enforcement officer. And his latest conviction was a burglary of a vehicle." Record Document 38 at 7. The defendant did not object to that description of his prior convictions. The presentence investigation report

7

provided for numerous felony convictions, his most recent before the offense for which he is currently serving was in Hinds County, Mississippi, where he was sentenced to seven years in prison. See Record Document 27 at 13. Therefore, Jordan knew that he was pleading guilty to crimes punishable by more than one year in prison. See 18 U.S.C. § 922(g)(1); see also United States v. Ravell, 821 F. App'x 362, 362 (5th Cir. 2020) ("Based on the whole record, whether there was a sufficient factual basis to support that Ravell knew of his status as a convicted felon is at least subject to reasonable dispute, and thus, there is no clear or obvious error.") (citing Puckett v. United States, 556 U.S. 129, 135 (2009)); United States v. Hicks, 958 F.3d 399, 400-01 (5th Cir. 2020); United States v. Trejo, 610 F.3d 308, 313 (5th Cir. 2010)); United States v. Lavalais, 960 F.3d 180, 184 ("Demonstrating prejudice under Rehaif will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons."). No reasonable juror could have concluded Jordan did not know he was a convicted felon, and he has therefore failed to demonstrate that he is "actually innocent." See Bousley, 523 U.S. at 622.

For these reasons, Jordan has failed to overcome his default, and the Court rejects Jordan's Rehaif claims. See Shaid, 937 F.2d at 231 ("The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal.") (internal quotation marks omitted); see also Herring v. United States, No. 19-2352, 2022 WL 865902, *1-2 (N.D. Tex. Mar. 22, 2022) (finding that a Rehaif claim raised for the first time on collateral review was procedurally defaulted because the movant did not show cause and prejudice, or that he was actually innocent); Martin v. United States, No. 19-53, 2024 WL 715050 at *4 (N.D. Miss. Feb. 21, 2024) (finding the defendant procedurally

8

defaulted on his claim regarding <u>Rehaif</u> because he had not shown cause for his default, prejudice from its application, nor that a fundamental miscarriage of justice would occur if the court applied the default).

## CONCLUSION

For the stated reasons, Jordan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 35) is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. Because Jordan's claims are contrary to law and refuted by the record, no evidentiary hearing is required. <u>See</u> <u>United States v. Green</u>, 882 F.2d 999, 1008 (5th Cir. 1989).

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2255(c)(2).

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this <u>14th</u> day of <u>March</u>, 2024.

S.MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT